**IT IS ORDERED as set forth below:**

Date: May 3, 2018



_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re:<br>**Marvin Leon Jackson,**<br><br>                              Debtor. | Chapter **13**<br><br>Case No. **17-61598-LRC** |
| **Wells Fargo Bank, NA,**<br><br>                              Movant,<br>V.<br><br>**Marvin Leon Jackson, Debtor**, and **Susie Ann Jackson, Codebtor**, and **Melissa J. Davey**, Trustee,<br><br>                              Respondents. | Contested Matter |

**AGREED ORDER DENYING MOTION FOR RELIEF
AND ORDER LIFTING CODEBTOR STAY**

This matter arose upon the Motion of Wells Fargo Bank, NA, its successors or assigns, (hereinafter referred to as "Creditor"), for Relief from the Stay of 11 U.S.C. § 362 and Motion for Relief from Codebtor Stay of 11 U.S.C. § 1301 filed on February 1, 2018  (Doc No. 32), scheduled by Creditor for hearing on March 6, 2018 and upon notice which Creditor contends was given to all parties in interest.  The hearing on the Motion was subsequently rescheduled for

March 27, 2018. Codebtor failed to appear and/or otherwise respond. For the purposes of this hearing, Debtor and Creditor stipulate the following:

Creditor contends it has a valid, binding and perfected security interest in 70 Bermuda Circle, Covington, GA 30016, (hereinafter referred to as "Collateral"); Creditor holds a secured claim in the Collateral in the original amount of $179,580.00 pursuant to a Note, secured by a Deed to Secure Debt, dated November 30, 2007, as recorded and more particularly described in public records at Deed Book 2540, Page 543, Newton County Records; At the time the Motion for Relief was filed, Debtor was behind in the post-petition mortgage payments to Creditor.

The post-petition arrearage through the March 27, 2018 hearing date totals $1,274.05, consisting of the March 1, 2018 payment at $1,275.35, less the suspense balance in the amount of $1.30.

Creditor claims it is not now adequately protected, but Debtor asserts the Collateral is necessary for Debtor's rehabilitation. Accordingly, from the foregoing stipulations, the parties agree that:

1. The amount of post-petition arrearage owed by Debtor as of March 27, 2018 is $1,274.05, and it shall be paid as set forth below;
    A. Debtor shall pay directly to Wells Fargo Bank, N.A. at Wells Fargo Bank, NA, One Home Campus Drive, Bankruptcy Payment Processing, MAC# X2302-04C, Des Moines, Iowa 50328, two payments per month, totaling $1,487.70, with $1,275.35 being paid on the first (1st) day of each month to be applied to the regular monthly mortgage payment and $212.35 being paid on the fifteenth (15th) day of each month and to be applied to said post-petition arrearage. The final stipulated payment is due in the amount of $212.30. Regular monthly

mortgage payments begin April 1, 2018. Payments on the arrearage begin on April 15, 2018 and to continue for six (6) months, until said post-petition arrearage is cured by September 15, 2018.

2. Upon delinquency by Debtor in the payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Creditor's Note and Deed for a period of six (6) months from the first payment owed under this Order through October 15, 2018, unless Debtor is discharged or this bankruptcy proceeding is dismissed or converted to another chapter under the Code, Creditor may be permitted to recover and dispose of the Collateral pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order modifying the automatic stay of 11 U.S.C. § 362 in the following manner:

A. Counsel for Creditor shall serve both Debtor and Debtor's counsel of record with written notice of the specific facts of the delinquency (the "Delinquency Notice"); said notice may be contained in a letter but shall

  (1)  state that Debtor may cure the delinquency within ten (10) calendar days of receipt of said notice in certified funds, and

  (2)  shall specifically provide the correct street address for mailing and delivering such payment; Pursuant to this Order, Debtor shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Creditor; provided, however, that

      (a) the Delinquency Notice is properly addressed to Debtor at the address set forth on the Docket, unless Creditor or Counsel for Creditor receives notice in writing of a change in Debtor's address within a reasonable time prior to the mailing of the Delinquency Notice; and

      (b) the Delinquency Notice is not returned to Counsel for Creditor by the U.S. Postal Service as undeliverable by reason of improper address.

B. If Debtor fails to cure the delinquency within ten (10) days of receipt of said written notice, Counsel for Creditor may present to the Court, after service on both the Debtor and Debtor's counsel:

    (1) a motion, which must contain allegations of the specific facts of the delinquency; provided, however, that, instead of alleging the facts of the delinquency in the motion, the motion may be accompanied by an affidavit from Creditor setting forth the specific facts of the delinquency;

    (2) a copy of the Delinquency Notice;

    (3) Upon the filing of said Delinquency Motion the Court may enter an order modifying the stay as to the Property and instructing the Chapter 13 Trustee to cease disbursements on Creditor's Claim, without further hearing. Any proceeds realized from said foreclosure sale which exceed the lawful claim of Creditor shall be promptly remitted to the Chapter 13 Trustee.

By consent, therefore, it is hereby

ORDERED that Motion is denied and the agreement of the Creditor and Debtor as set forth above is ***approved.***

ORDERED that the CoDebtor Stay of 11 U.S.C. § 1301 is hereby lifted as to Movant.

**END OF DOCUMENT**

Prepared by:                              Read and Approved by:

*/s/ Lucretia L. Scruggs*                            /s/                    *(with express permission)*

Lucretia L. Scruggs                       Megan Elaine Harsh
Georgia Bar No.  371008                   Georgia Bar No.  432986
211 Perimeter Center Parkway, N.E.        The Semrad Law Firm, LLC
Suite 300                                 Suite 201
Atlanta, GA 30346                         303 Perimeter Center North
770-220-2535                              Atlanta, GA 30346
**Attorney for Movant**                   (678)668-7160
                                          **Attorney for Debtor**

No Opposition:

/s/                    *(with express permission)*

Mandy Campbell
Georgia Bar No. 142676
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303
(678)510-1444
**Attorney for Chapter 13 Trustee**

## **DISTRIBUTION LIST**

MARVIN LEON JACKSON
70 Bermuda Circle
Covington, GA 30016

SUSIE ANN JACKSON
70 Bermuda Circle
Covington, GA 30016

CRAIG A COOPER
The Semrad Law Firm, LLC
Suite 201
303 Perimeter Center North
Atlanta, GA 30346

MELISSA J. DAVEY
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303

Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway, N.E.
Suite 300
Atlanta, GA 30346